J. DAVID BREEMER, No. 215039
E-mail:  jdb@pacificlegal.org
ANTHONY L. FRANÇOIS, No. 184100
E-mail:  alf@pacificlegal.org
Pacific Legal Foundation
930 G Street
Sacramento, California 95814
Telephone:  (916) 419-7111
Facsimile:  (916) 419-7747

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BUILDING INDUSTRY ASSOCIATION – BAY AREA,<br><br>          Plaintiff,<br><br>      v.<br><br>CITY OF OAKLAND,<br><br>          Defendant. | No. _____<br><br>**COMPLAINT FOR VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**<br><br>**DECLARATORY AND INJUNCTIVE RELIEF** |

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

**INTRODUCTION**

1.     Building Industry Association – Bay Area (Association), brings this complaint for declaratory and injunctive relief against the City of Oakland (City) to overturn the Oakland Public Arts Requirements Ordinance (Ordinance).  This law requires citizens seeking building permits to transfer property interests (including public art, fees, and public access to private facilities) to the City as a condition of developing their property, and to engage in government-approved speech, all in violation of the United States Constitution.

2.     The Ordinance requires property developers to spend .5% or 1% of their project cost for on-site public art installations, provide public access to projects, and/or pay an in-lieu fee that the City will use to fund public art in public places.

3.     These requirements compel developers to communicate or fund government approved art messages to obtain permits.  Moreover, new development does not create the need for the art conditions and the Ordinance recognizes that it is not related to any public impact arising from new development.

4.     The Ordinance therefore violates the United States Constitution.  While the Fifth and Fourteenth Amendments allow the City to reasonably regulate development, they forbid local governments from imposing permit exactions that are unconnected and disproportionate to the direct impacts of development.  The First Amendment forbids the government from forcing property owners to fund and convey government messages, including through art, as a condition of granting a permit.  Since the Ordinance does all of this, it is unconstitutional, and  the Association is entitled to equitable relief under 42 U.S.C. § 1983, and the Declaratory Judgment Act, including a preliminary injunction.

**THE PARTIES**

5.     Building Industry Association – Bay Area is a nonprofit corporation organized under the laws of the State of California and doing business in Alameda County and the City of Oakland.  The Association comprises hundreds of home builders, developers, property owners, contractors, subcontractors, building trades, suppliers, engineers, and design professionals involved in the business of providing housing throughout the Bay Area, including Alameda

County and the City of Oakland.  The Association's mission includes advocacy in support of housing opportunities for prospective home buyers and renters, and legal representation of the interests of its members and the community.  Its mission also includes the enforcement of the law governing housing and residential development.

6.     Some members of the Association are subject to the Ordinance.  Others have considered applying for development permits, or may want to do so in the future, but are now subject to unconstitutional conditions on the exercise of the right to apply for development permits.  Because the Ordinance causes particularized harm to the Association and its members, both would benefit from judicial relief.

7.     Defendant City of Oakland is a political subdivision of the State of California, and the local governing authority in Oakland.  The City enacted the Ordinance challenged by this lawsuit.  The City is entitled to sue and be sued, and is constrained by the laws of the United States, including the United States Constitution, and 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

8.     The claims in this action arise under the First and Fifth Amendments to the United States Constitution, as incorporated against the states by the Fourteenth Amendment.  The Court has jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1331.  A remedy is sought under the Declaratory Judgment Act, 28 U.S.C. § 2201.

9.     Venue is proper in this Court because this action concerns private property located in Oakland, California, and a legislative enactment of the City, all of which are within the jurisdiction of the Northern District of California.

## FACTS

10.     The City is responsible for approving development permits for property located in Oakland, under provisions of California state law and subject to constraints imposed by the United States Constitution.

11.     The City has historically carried out a public art program for its own capital improvement projects, under its Public Art Ordinance No. 11086 C.M.S., adopted in 1989.  This

///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1  Public Art Ordinance does not apply to private construction, and does not require provision of

2  publicly accessible art within private development.

3      12.    In October, 2014, the City council proposed a new ordinance—the Oakland Public

4  Arts Requirements Ordinance (Ordinance), Oakland Municipal Code Section 15.70.010,

5  *et seq.*,—to require private developers to install publicly accessible art in new development

6  projects or pay an in-lieu fee to fund public art on or within the City's capitol improvement

7  projects.

8      13.    The City adopted the law on December 9, 2014. The Ordinance went into effect on

9  February 8, 2015.  A copy of the Ordinance is attached hereto as Exhibit A and incorporated

10  herein by reference.[1]

11      14.    The Ordinance requires developers to install art works (worth at least .5% of the

12  total cost for residential and 1% for commercial projects) on their property as part of a

13  development project. While such art is to be placed on private property, the Ordinance demands

14  that it be "publicly accessible."  Sections 15.70.050, 15.70.020, and 15.70.060A.

15      15.    Developers may meet up to 75% of the art requirements by dedicating a space in

16  the project, for either a free-of-charge art gallery, or for arts and cultural programming.  Section

17  15.070.060B.2.  Such an area must be open to the general public during business hours.

18      16.    When installing art to satisfy the Ordinance, builders must choose from a limited

19  number of artists "verified" by the City.  Section 15.70.070. Builders may use a different artist

20  only if the City approves that person.  All art designs must be submitted to the City before they

21  are installed.  Section 15.70.090.

22      17.    Builders may opt out of the public art requirement only if they pay an in-lieu fee

23  to the City, which fee will be used to fund the installation of publicly owned and accessible art on

24  City property elsewhere in the City.  Section 15.70.060B.1.

25  ///

26  ///

27  ——————————————

28  [1] Subsequent section references are to the Oakland Municipal Code unless otherwise stated.

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

## DECLARATORY RELIEF ALLEGATIONS

18.     Under the Fifth and Fourteenth Amendments to the United States Constitution, the Association and its members have a right to just compensation for takings of their private property. They have a collateral right to be free from building permit conditions that exact private property interests, without just compensation, where there is no reasonable connection between the impacts of a proposed project and the exaction.

19.     Under the First and Fourteenth Amendments to the United States Constitution, the Association and its members have a right not to speak.  They have a right to refrain from conveying government speech.  They have a collateral right to be free from permit conditions that coerce them to give up First Amendment rights to obtain a building permit.

20.     On its face, the Ordinance exacts property from building applicants—including physical property, money, and the right to exclude strangers from private property—without just compensation and without any reasonable connection between these exactions and the social impacts of development.  There is accordingly a justiciable controversy in this case as to whether the Ordinance violates the Fifth and Fourteenth Amendments.

21.     On its face, the Ordinance further requires building applicants to engage in expressive, noncommercial speech as a condition of putting private property to developmental use.

22.     There is accordingly a justiciable controversy in this case as to whether the Ordinance violates the First and Fourteenth Amendments.

23.     A declaratory judgment as to whether the Ordinance and the permit conditions it imposes violate the Fifth and First Amendments will clarify the legal relations between the Association and Defendant, with respect to enforcement of the Ordinance.

24.     A declaratory judgment as to the constitutionality and legality of the Ordinance will give the parties relief from the uncertainty and insecurity giving rise to this controversy.

///
///
///
///

**INJUNCTIVE RELIEF ALLEGATIONS**

25.     The Association has no adequate remedy at law to address the violations of their Fifth and First Amendment rights arising from the Ordinance and occurring under color of state law.

26.     There is a substantial likelihood that the Association will succeed on the merits of its claims that the Ordinance violates the Fifth and First Amendment by requiring property owners to surrender unrelated property without compensation, where there is no connection between development and such exactions, and to engage in noncommercial speech.

27.     The Association and its members will suffer irreparable injury absent a permanent injunction restraining Defendant from enforcing the Ordinance.

28.     The Association's injuries—subjection to uncompensated exactions of property which bear no relation to development, and forced speech—outweigh any harm the injunction might cause Defendant.

29.     An injunction restraining Defendant from enforcing the unconstitutional Ordinance on its face will enhance, not impair, the public interest.

**LEGAL CLAIMS**

**FIRST CLAIM**

**Unconstitutional Exaction and Taking of Private Property—
Facial Claim Under 42 U.S.C. § 1983**

30.     The Association hereby re-alleges each and every allegation contained in Paragraphs 1 through 29 as though fully set forth herein.

31.     The Ordinance conditions the exercise of a state law and common law property right—a property owners' right to use and develop property—on the transfer of protected property interests, such as real and personal property, the right to control public access to property, and money to the City.

32.     Money is constitutionally protected property.

33.     The right to exclude the public from private property, and to control the time, place, and manner of any permitted public access, is constitutionally protected property.

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

34.    Real property and art works are constitutionally protected property.

35.    If Defendant simply demanded that the Association's members hand over portions of their real property, money, art works, or grant public access, it would be liable for a per se unconstitutional physical taking of property.

36.    Under *Nollan v. California Coastal Commission* (*Nollan*), 483 U.S. 825 (1987), *Dolan v. City of Tigard* (*Dolan*), 512 U.S. 374 (1994), and *Koontz v. St. Johns River Water Management District* (*Koontz*), 133 S. Ct. 2586 (2013), the government may constitutionally exact real property interests, money, and other property from property owners as a condition of development permission only if:

        a.    The exaction directly mitigates a public impact directly arising from the property owners' development of their property;

        b.    The exaction is roughly proportionate in both nature and degree to the public impact arising from the property owners' development of their property.

37.    The public art requirements of the Ordinance and art fees are not related to, and do not address, any impact arising from the property owners' exercise of their right to residential or commercial development of private property.

38.    The exactions imposed by the Ordinance are not proportionate in either nature or degree to any impact arising from the property owners' exercise of their right to residential or commercial development of property.

39.    In requiring property owners such as the Association's members to pay money, and/or dedicate art works and public access as a condition of exercising their state law property right to develop their property, the Ordinance imposes unconstitutional conditions and unconstitutionally exacts and takes private property.

40.    The exactions imposed by the Ordinance violate the constitutional principles articulated in *Nollan*, *Dolan*, and *Koontz*.

41.    The unconstitutional exactions arising from the Ordinance are imposed under color of state law and violate 42 U.S.C. § 1983.

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111  FAX (916) 419-7747

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

42.    This claim does not seek "just compensation," but only equitable relief sufficient to restrain the enforcement of the unconstitutional exactions arising from the Ordinance.

43.    The Ordinance contains no waiver provision or administrative remedy, and in any event, the Association need not exhaust administrative remedies prior to bringing this claim.

44.    This facial unconstitutional conditions/takings claim is ripe for immediate resolution in federal court.

### SECOND CLAIM

**Violation of First Amendment—Coerced Noncommercial Speech and Unconstitutional Conditions**

**Facial Claim Under 42 U.S.C. § 1983**

45.    The Association hereby re-alleges each and every allegation contained in Paragraphs 1 through 44 as though fully set forth herein.

46.    The Association and its members have a protected First Amendment right that includes the right to refrain from speaking at all.  This right includes the right to be free from being coerced by government to convey a government-approved message or other speech.  *Wooley v. Maynard*, 430 U.S. 705, 714 (1977); *Frudden v. Pilling*, 742 F.3d 1199, 1202-03 (9th Cir. 2014).

47.    Art work, including the art works required and regulated by the Ordinance, are within the ambit of First Amendment protection.  Art works are noncommercial speech.

48.    The Ordinance requires the Association's members to install art works in their projects as a condition of developing their property, in violation of their right to refrain from engaging in expressive First Amendment activity.

49.    The Ordinance requires the Association's members to install only those forms of public art approved by the City in violation of the right of the Association's members to refrain from conveying government mandated messages.

50.    The in-lieu fees option, designed to coerce money from the Association's members to fund public art on City projects, violates the Association's members right not to engage in speech.

51.    The public art mandate and in-lieu fees option imposed by the Ordinance violate the unconstitutional conditions doctrine in the First Amendment context.

52.     The First Amendment violations arising from the Ordinance are imposed under color of state law and violate 42 U.S.C. § 1983.

53.     This claim seeks equitable relief sufficient to restrain the enforcement of the unconstitutional speech requirements arising from the Ordinance.

54.     The Ordinance contains no waiver provision or administrative remedy and in any event, the Association need not exhaust administrative remedies prior to bringing this claim.

55.     This facial First Amendment claim is ripe for immediate resolution in federal court.

## RELIEF SOUGHT

WHEREFORE, the Association prays for judgment from this Court as follows:

1.     A declaratory judgment that the Ordinance violates *Nollan*, *Dolan*, and *Koontz* and the Takings Unconstitutional Conditions doctrine on its face, and is therefore invalid and unenforceable;

2.     A declaratory judgment that the Ordinance violates the First Amendment and the Unconstitutional Conditions doctrine on its face, and is therefore invalid and unenforceable;

3.     A preliminary prohibitory injunction preventing Defendants from enforcing or taking further action to enforce the Ordinance on its face;

4.     A permanent prohibitory injunction preventing Defendant from enforcing or taking further action to enforce the Ordinance on its face;

5.     An award to the Association of reasonable attorneys' fees and expert fees for bringing and maintaining this action, including under 42 U.S.C. § 1988;

6.     An award to the Association of costs of suit pursuant to Federal Rule of Civil Procedure 54(d); and

///
///
///
///
///
///

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747

1    7.    An award to the Association of any other and further relief that the Court deems

2  just and proper under the circumstances of this case.

3          DATED:  July 23, 2015.

4                                                        Respectfully submitted,

5                                                        J. DAVID BREEMER
                                                         ANTHONY L. FRANÇOIS
6

7                                                        By _____/s/ Anthony L. François_____
                                                              ANTHONY L. FRANÇOIS
8
                                                         Attorneys for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACIFIC LEGAL FOUNDATION
930 G Street
Sacramento, CA 95814
(916) 419-7111 FAX (916) 419-7747