

October 23, 2017

District Judge Vince Chhabria
450 Golden Gate Avenue
San Francisco, CA  94102

Re: *Building Industry Association–Bay Area v. City of Oakland*, No. 3:15-CV-03392-VC
     Order Re: Motion To Dismiss, ECF No. 54

Dear Judge Chhabria:

Plaintiff Building Industry Association–Bay Area (Plaintiff) provides the following response to the Court's October 18 Order Re: Motion to Dismiss, ECF 54. That Order directs the parties to brief whether Plaintiff has adequately alleged that one or more of its members has suffered an actual injury or that injury is imminent.

The First Amended Complaint, ECF 41, adequately alleges an actual injury under *Lujan v. Defenders of Wildlife* and *Carrico v. San Francisco* by alleging, in concert with other factual allegations, that "[s]ome of Plaintiff's members are subject to the Ordinance." If the Court concludes that this allegation is inadequate, Plaintiff is happy to amend and requests leave to do so. Plaintiff can allege as follows:

"Some of the Association's members are applicants for development permits before the City, and will be required to comply with the Ordinance as a condition of the City's approval of their applications. Invalidation of the Ordinance would allow their applications to be approved by the City without compliance with the Ordinance. Some of the Association's members have already been required to comply with the Ordinance by the City, as a condition of prior approvals of development permits. Invalidation of the Ordinance would allow these members to terminate, reduce, or avoid obligations that the Ordinance currently imposes on them."

**The First Amended Complaint alleges that Plaintiff's members are subject to Oakland's Ordinance, which only applies to development permit applicants.**

Paragraph 1 of the First Amended Complaint alleges that the Ordinance imposes a set of conditions on permit applications. ECF 41 at 1:4-8 ("This law requires citizens seeking building permits to transfer property interests . . . to the City . . . as a condition of developing their property, and to engage in government mandated speech.").

930 G Street  •  Sacramento, CA 95814  •  plf@pacificlegal.org  •  916.419.7111  •  pacificlegal.org

District Judge Vince Chhabria
October 23, 2017
Page 2

Paragraph 6, ECF 41 at 2:5-9, alleges:

> Some members of the Association are subject to the Ordinance. Others have considered applying for development permits, or may want to do so in the future, but are now subject to unconstitutional conditions on the exercise of the right to apply for development permits. Because the Ordinance causes particularized harm to the Association and its members, both would benefit from judicial relief.

Paragraphs 14 through 17, ECF 41 at 3-4, allege the general requirements of the Ordinance: development permit applicants must spend a specified percentage of their project budget on public art works commissioned from City-verified artists according to designs submitted in advance to the City, and make the artworks freely accessible to the public. The only alternatives are to pay a fee or to dedicate a portion of the project for public use as gallery or arts programming space.

**These allegations are adequate to establish actual injury under *Lujan v. Defenders of Wildlife*.**

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), lays out the minimum constitutional requirements for Article III standing. *Id.* at 560. Plaintiff's Opposition to the City's Motion to Dismiss demonstrates that Plaintiff's members meet the three *Lujan* requirements of injury, causation, and redressability. *See* ECF 52, at 9-11. The Court's order for additional briefing focuses on the injury element of this showing. ECF 54.

*Lujan*'s specific analysis is of limited applicability to Plaintiff's case, for three reasons. First, *Lujan* reviewed whether injury was shown following discovery and summary judgment. *See* 504 U.S. at 559, *see also id*. at 563 (describing affidavits and deposition testimony offered in summary judgment proceedings). At the pleading stage, however, *Lujan* reminds that "general factual allegations of injury resulting from defendant's conduct may suffice" since the facts alleged in the pleadings are presumed true on a motion to dismiss. *Id.* at 561. It is only at the subsequent stages of summary judgment and trial that the allegations must be improved into specific facts with adequate evidentiary support. *Id.* (citing Fed. R. Civ. Proc. 56(e) and *Gladstone v. Bellwood*, 441 U.S. 91, 115, n.31 (1979)).

Second, *Lujan* analyzes standing where the plaintiff was complaining of the government's failure to regulate third parties (other federal agencies funding projects in other nations). *Id.* at 562. This was the reason why the Supreme Court demanded a more robust showing of injury. *Id.* Plaintiff's case does not challenge the City's regulation (or failure to regulate) third parties. It challenges the City's imposition of unconstitutional conditions on Plaintiff's members when they apply for development permits.

District Judge Vince Chhabria
October 23, 2017
Page 3

Third, *Lujan*'s specific analysis focuses on whether Defenders of Wildlife had adequately shown imminent future injury. *Id.* at 563-64. Plaintiff in this case has alleged that some of its members are currently subject to the Ordinance. First Amended Complaint, paragraph 6, ECF 41 at 2:5-9. Taken together with the allegations that the effect of the Ordinance is to impose specific conditions on developers who apply for City permits, the allegation that "some members are subject to the Ordinance" supports the reasonable inference that one or more of the Association's members have applied for development permits, and that the City will require these members to comply with the Ordinance as a condition of development approval—an actual and current injury. As the Supreme Court stated in *Koontz v. St. Johns River Water Management District*, the injury in unconstitutional conditions claims is being subject to the condition. 133 S. Ct. 2586, 2596 (2013). This injury occurs once the development permit application is filed, because from that point forward the City will require compliance with the Ordinance or refuse to grant the permit. First Amended Complaint, paragraphs 1, 14-17, 39. Logically then, nobody is "subject to the Ordinance" without having applied for a development permit from the City.

**The First Amended Complaint adequately alleges Article III standing under *Carrico*.**

*Carrico v. City and County of San Francisco*, 656 F.3d 1002, 1007 (9th Cir. 2011), found that an allegation that the plaintiffs in that case were "subject to" a city ordinance, without more, was inadequate to establish that those plaintiffs had been injured by the law. *Carrico* was a challenge to a San Francisco renter protection law, Proposition M, which prohibited landlords from engaging in certain methods to induce tenants to vacate. *Id.* at 1004. The Ninth Circuit found that being "subject to" the challenged law did not establish that any plaintiff was actually injured by it, *i.e.*, had engaged or intended to engage in any of the prohibited practices toward their tenants.

The plaintiffs in *Carrico* relied on *Pennell v. San Jose*, 485 U.S. 1 (1988), which they argued had held that an allegation that an association's members were "subject to" a city ordinance was adequate to establish standing. But the Ninth Circuit distinguished *Pennell* on the ground that in addition to the allegation in the pleading, the Supreme Court had credited counsel's statement at oral argument that many of the association's members had tenants whose rent the San Jose ordinance would prevent the plaintiff's members from raising. *Carrico*, 656 F.3d at 1007.

But Plaintiff in this case has alleged more than that its members are "subject to" Oakland's Ordinance. It has alleged that the Ordinance operates by imposing conditions (purchase and public display of public art, dedication of project space, or payment of a fee for public art) on those who apply for development permits. These facts are similar to the additional facts that *Carrico* read *Pennell* to require for standing. As explained above, the only way that any of Plaintiff's members could be subject to the Ordinance is if they have applied for development permits, which the City will not grant unless those members comply with the Ordinance.

District Judge Vince Chhabria
October 23, 2017
Page 4

This is distinct from the facts in *Carrico*, in which Proposition M by its nature prohibited existing landlords from taking certain actions. In a general sense, all landlords were "subject to" Proposition M, without that fact alone supporting the inference that any had been concretely harmed by it. But here, Oakland's Ordinance does not apply to any property owner unless that owner submits a development permit application. So, alleging that its members are "subject to" the Ordinance, in concert with the allegations explaining how the Ordinance works, goes beyond the facts alleged in *Carrico*. In this case, being "subject to the Ordinance" necessarily implies that those members have submitted development permit applications, which the City will not approve unless they comply with the requirements of the Ordinance. Stated another way, and in contrast to *Carrico*, Plaintiff's members cannot be "subject to" Oakland's Ordinance without being injured by it, because they are only subject to it if they have applied for permits, and are therefore required to comply with the offending condition of approval of those permits.

This analysis is also consistent with this Court's prior decision in *Associated Builders & Contractors, Golden Gate Chapter Inc. v. Baca*, 769 F. Supp. 1537, 1541-42 (N.D. Cal. 1991), aff'd sub nom. *Chamber of Commerce v. Bragdon*, 64 F.3d 497 (9th Cir. 1995) (in facial challenge to Bay Area cities' building permit conditions, trade association demonstrated injury in fact to its members because ordinances had been applied to at least one of its members and that other members would have to alter bids in response to ordinances).

**Plaintiff can allege additional and more specific facts to explicitly demonstrate actual injury.**

If the Court concludes that Plaintiff has not adequately alleged an actual injury to establish Article III standing, Plaintiff can allege the following additional facts:

> Some of the Association's members are applicants for development permits before the City, and will be required to comply with the Ordinance as a condition of the City's approval of their applications. Invalidation of the Ordinance would allow their applications to be approved by the City without compliance with the Ordinance. Some of the Association's members have already been required to comply with the Ordinance by the City, as a condition of prior approvals of development permits. Invalidation of the Ordinance would allow these members to terminate, reduce, or avoid obligations that the Ordinance currently imposes on them.

These additional facts would make explicit the reasonable inferences that the Court can draw from the existing allegation that some of Plaintiff's members are subject to the Ordinance. These facts explicitly establish actual injury: one or more of Plaintiff's members will be required to comply with the Ordinance, and thereby be required to transfer property without just compensation and engage in government-compelled speech as conditions of developing their property, both in

District Judge Vince Chhabria
October 23, 2017
Page 5

violation of the unconstitutional conditions doctrine. Cf. *Associated Builders*, 769 F. Supp. at 1541-42. If the Court concludes that the existing allegations of the First Amended Complaint do not adequately allege injury in fact, then it should "freely give leave" for Plaintiff to amend to allege its members' actual injuries in additional detail. *See* Fed. R. Civ. Proc. 15(a)(2).

        Respectfully submitted,

        <u>/s/ Anthony L. Francois</u>,
        ANTHONY L. FRANCOIS

        *Attorneys for Plaintiff*
        *Building Industry Association – Bay Area*