burke
BURKE, WILLIAMS & SORENSEN, LLP

1600 Iowa Avenue - Suite 250
Riverside, California 92507-7426
voice 951.788.0100 - fax 951.788.5785
www.bwslaw.com

Direct No.: 951.801.6627
Our File No.: 05684-0035
ahoyt@bwslaw.com

October 23, 2017

**VIA COURT ELECTRONIC FILING**

Hon. Vince Chhabria
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
San Francisco Courthouse
Courtroom 4 - 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

  Re: ***Building Industry Association - Bay Area v. City of Oakland***
     USDC Case No.: 3:15-cv-03392-VC

Dear Hon. Vince Chhabria:

  Defendant City of Oakland ("City") submits this letter in response to the Court's request for supplemental briefing regarding whether Plaintiff Building Industry Association-Bay Area ("BIA") has "adequately alleged that one or more of its members has suffered an actual injury or that injury is imminent." Dkt. 54. The answer to the Court's question is no.

  **1. BIA Must Allege that Its Members Suffered an "Injury In Fact"**

  The party invoking federal jurisdiction has the burden to allege facts sufficient to meet the elements of standing, including the existence of an "injury in fact." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) ("*Lujan*"). Even if it has not itself suffered an injury, an association may have standing to sue on behalf of its members if two conditions are satisfied: (1) its members suffered an injury in fact such that the members would have standing to sue in their own right; and (2) the claims asserted and relief sought do not require the members to participate individually. *Warth v. Seldin*, 422 U.S. 490, 511 (1975) ("*Warth*").

  As the City explained in its Motion to Dismiss, BIA's claims are not justiciable because until its members avail themselves of the Ordinance, including the in lieu fee and appeal provisions, it cannot be determined whether they have been injured. BIA lacks standing for the same reason that the City asserted the claims are not justiciable

OAK #4840-2655-0098 v2

Los Angeles - Inland Empire - Marin County - Oakland - Orange County - Palm Desert - San Francisco - Silicon Valley - Ventura County

BURKE, WILLIAMS & SORENSEN, LLP

Hon. Vince Chhabria
USDC NORTHERN DISTRICT OF CALIFORNIA
October 23, 2017
Page 2

under the Takings Clause—absent an effort to develop an identified project that would be subject to the Ordinance, there is no injury in fact.[1]

### 2. The FAC's Allegations Are Insufficient to Show any "Injury In Fact"

BIA does not allege any injury to itself. Instead, it sues to redress possible future injury to its members. But the FAC's vague and cursory allegations do not meet the "injury in fact" pleading requirement.

An "injury in fact" is an injury that is "concrete and particularized" and "actual or imminent." *Lujan*, at 561 (citations omitted). Injuries that are "hypothetical or conjectural" are not sufficient to meet the standing requirement. *Id.* (citations omitted). "Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is *certainly* impending." *Clapper v. Amnesty International USA*, 568 U.S. 398, 409 (2013) (citations omitted) (holding that allegations of a possible future injury are insufficient). The courts have "repeatedly admonished" that the "mere existence of a statute, which may or may not ever be applied to plaintiffs, is not sufficient to create an actual case or controversy. . . ." *San Diego Gun Rights Committee v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).

*Warth* is instructive. A builders' association brought a lawsuit on behalf of its members to challenge zoning ordinances and practices that allegedly discriminated on the basis of race. *Warth*, 422 U.S. at 514-515. The association argued that its members had suffered an actual injury because the challenged zoning ordinance and practices deprived its members of opportunities to build housing projects and earn profits. *Id.* at 514-515. The Court rejected this argument and held that the association had not alleged a concrete injury to its members and thus lacked standing. *Id.* at 516.

---

[1] The Court's order invited supplemental briefing on the first condition—whether BIA adequately alleged an actual injury to its members. As the City explains *Warth* below, BIA has not, and cannot allege an injury in fact to its members. But the BIA also fails to meet the second condition because the claims asserted require BIA's members to participate. Takings claims cannot be considered in a vacuum. *Koontz Coalition v. City of Seattle*, 2014 WL 5384434 at *4 (W.D. Wa. 2014). Under *Nollan/Dolan/Koontz*, a fact-specific inquiry is necessary to determine if the nexus and rough proportionality test is met. *Nollan v. California Coastal Comm'n*, 483 U.S.825 (1987); *Dolan v. City of Tigard*, 512 U.S.374 (1994); and *Koontz v. St. Johns River Water Mgmt. Dist.*, 133 S.Ct. 2586 (2013). A fact specific inquiry necessarily requires participation from BIA's members.

OAK #4840-2655-0098 v2

BURKE, WILLIAMS & SORENSEN, LLP

Hon. Vince Chhabria
USDC NORTHERN DISTRICT OF CALIFORNIA
October 23, 2017
Page 3

The Court observed that there were no allegations that any members had actually sought and been denied land use entitlements, nor any allegations that any members had utilized the remedial measures established in the challenged ordinances. *Id.* In short, there were no allegations of an "injury to [the association's] members of sufficient immediacy and ripeness to warrant judicial intervention." *Id.*

BIA's claim here of injury to its members is even more attenuated than the insufficient allegations in *Warth*. The City's Ordinance has not been applied to *any* development project, much less to a project proposed by a BIA member. Thus, no project proponent—including any BIA member—has been directed to satisfy the Ordinance's standard provisions nor availed itself of the Ordinance's appeal provisions, which broadly allow the City to provide relief upon an individual applicant's showing that relief is required. Moreover, BIA's chief concern about the Ordinance is that it requires its members to install art on their property. Yet the Ordinance allows every developer to avoid that requirement, at their option, by paying an in lieu fee. Thus, as in *Warth*, there are no allegations sufficient to show an actual or imminent injury to any of BIA's members.

In its Opposition to the City's Motion to Dismiss, BIA contends that its members suffered an actual or imminent injury[2] because: (1) "[s]ome" of its members are subject to the Ordinance; and (2) "other" members "have considered applying for development permits, or may want to do so in the future, but are now subject to" the Ordinance. FAC, ¶ 6. Under *Carrico v. City and County of San Francisco*, 656 F.3d 1002 (9th Cir. 2011) ("*Carrico*") and *Lujan*, these allegations are insufficient as a matter of law.

First, the Ninth Circuit in *Carrico* ruled that it was not enough to assert simply that an association's members were "subject to" the challenged ordinance. In *Carrico*, the

---

[2] In its opposition to the City's motion to dismiss, BIA cites to *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022 (9th Cir. 2006) and *Associated Builders & Contractors v. Baca,* 769 F.Supp. 1537 (N.D. Cal. 1991). Each case is distinguishable. In *Santa Monica Food Not Bombs,* the plaintiff alleged facts showing its intent to engage in speech regulated by the city's permitting scheme; demonstrating that it had engaged in such speech in other locations due to the impermissible permitting scheme; and detailing how the city's permitting scheme was inconsistent with the plaintiff's desired exercise of its free speech rights. Similarly, in *Associated Builders*, the association submitted declarations from its members who had bids subject to the challenged ordinances detailing the ordinance's economic impact on those members. The FAC's cursory allegations are not remotely similar to the facts alleged in *Santa Monica* or declarations submitted in *Associated Builders.*

OAK #4840-2655-0098 v2


BURKE, WILLIAMS & SORENSEN, LLP

Hon. Vince Chhabria
USDC NORTHERN DISTRICT OF CALIFORNIA
October 23, 2017
Page 4

Court held that an association of landlords lacked standing to bring a facial First Amendment and vagueness challenge to a rent stabilization ordinance that prohibited landlords from coercing tenants into moving. The Court explained that for a plaintiff to have standing to bring a facial challenge, the plaintiff must allege facts sufficient to show both its intent to violate the law, and a "credible threat" that the government would prosecute the violation. *Carrico*, 656 F.3d at 1005-1006. The landlord association argued it met this burden by pleading that its members were subject to the challenged law. The Ninth Circuit flatly rejected this argument. *Id.* at 1007.

Explaining that "context matters," the Court observed that without factual allegations explaining what actions the association's members intended to take to violate the law, it was impossible to determine whether the actions were protected by the First Amendment, whether the actions fell within the parameters of the challenged law, or whether the members would be prosecuted. *Id.* at 1007. As such, the association failed to allege an injury in fact to its members.

The Ninth Circuit's reasoning in *Carrico* applies with equal force here.[3] As the City explained in its briefing, the BIA's takings arguments are highly fact-dependent, whether pled under a *Nollan/Dolan/Koontz* theory or a *Penn Central* theory. City's Motion to Dismiss, p. 5-12; City's Reply Brief, p. 5-9. The FAC's failure to include any facts regarding specific projects makes it impossible for the Court to determine whether BIA's members have suffered an injury within the purview of the takings clause.

Further, without any allegations concerning specific projects, it is impossible to determine whether BIA's members have any concrete intent to pursue a project that would be subject to the Ordinance, or whether there is a reasonable probability that the City would interpret the Ordinance in a way that implicates free speech or the prohibition on taking property without just compensation. The FAC simply provides no factual basis on which to infer either that its members had specific plans for any project that

---

[3] BIA might argue that *Carrico* is distinguishable because the ordinance challenged in that case applied to a specific type of speech that landlords might engage in. The Court in *Carrico* explained that the association in that case lacked standing because the challenged ordinance required the landlord to "do something,"—engage in certain proscribed speech—and the association failed to allege that any of its members had engaged in such speech or had specific plans to do so. *Carrico*, 656 F.3d at 1007. Here, as in *Carrico*, the Ordinance requires the developers to "do something,"—propose a development project that falls within the Ordinance's parameters. BIA's failure to allege that any of its members have submitted such a proposal or have a specific intent to do so is no different than the association's failure in *Carrico*.



BURKE, WILLIAMS & SORENSEN, LLP

Hon. Vince Chhabria
USDC NORTHERN DISTRICT OF CALIFORNIA
October 23, 2017
Page 5

might be subject to the Ordinance, or that its members would be unable to seek appropriate redress through the Ordinance's appeal and in lieu fee provisions.

The FAC's allegation that some of the BIA's members have considered or might consider pursuing development in the City are likewise insufficient. *Lujan* is on point. In *Lujan*, the Court held that an environmental protection association lacked standing to challenge a determination that the Endangered Species Act applied only within the United States or on the high seas. The association asserted that it had standing because some of its members had previously enjoyed seeing endangered species in areas outside the United States and wanted to do so again. The Court held such allegations were insufficient, stating that an "'inten[t]' to return to the places they had visited before . . . is simply not enough. Such "some day" intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the [requisite] 'actual or imminent' injury . . . ." *Lujan,* at 504 U.S. at 565.

As in *Lujan*, BIA's allegations that some of its members previously considered development in the City and might pursue development in the future are insufficient to meet the injury in fact requirement. Such allegations are simply too nebulous to constitute an imminent injury.

Sincerely,

BURKE, WILLIAMS & SORENSEN, LLP

/s/ Amy E. Hoyt
Amy E. Hoyt

AEH:meh

OAK #4840-2655-0098 v2